Timothy **DICKERSON**, Appellant,

v.

Dave **DORMIRE**, Appellee.

No. 00–2640EM.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 2001.

Decided March 20, 2001.

Before RICHARD S. ARNOLD and MORRIS SHEPPARD ARNOLD, Circuit Judges, and MONTGOMERY,[1] District Judge.

PER CURIAM.

This is a petition for habeas corpus under 28 U.S.C. § 2254, brought by a prisoner in the custody of the State of Missouri. The petitioner claims that he is being deprived of his liberty without due process of law because of the failure of the state trial court to instruct the jury on the lesser included offense of involuntary manslaughter. The District Court[2] denied relief, and we affirm.

We have little to add to the well-reasoned opinion of the District Court. It is sufficient to say that this Court has consistently held that "the failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question." *Pitts v. Lock-*

1. The Hon. Ann D. Montgomery, United States District Judge for the District of Minnesota, sitting by designation.

2. The Hon. Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

*hart,* 911 F.2d 109, 112 (8th Cir.1990), *cert. denied,* 501 U.S. 1253, 111 S.Ct. 2896, 115 L.Ed.2d 1060 (1991). Under current law, in order to grant federal habeas relief, we would have to say that the state courts' action in this case was contrary to, or an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U .S.C. § 2254(d). The Supreme Court has never held that due process requires the giving of lesser-included-offense instructions in noncapital cases. Accordingly, relief must be denied in the present case.

The judgment is affirmed.